ELLIS *versus* WARREN.

Exceptions, though not signed or written out before the rendition of the verdict, are constructively taken and allowed in the progress of the trial, before the jury retire for consultation.

When afterwards filed and certified, it is done *as of the times*, (during the trial and before the verdict,) when the *respective occasions* for taking them occurred.

If, in the District Court, before having offered any written exceptions for the signature of the Judge, one of the parties, after verdict, present a motion for a new trial, and procure an adjudication upon it, such proceedings are to be viewed as a waiver of the right to have his exceptions certified.

ON EXCEPTIONS from the *District Court*, RICE, J.

ACTION OF THE CASE.

Under instructions to the jury, a verdict was rendered for the plaintiff. The defendant, before having offered any written exceptions for the signature of the Judge, moved to have the verdict set aside and a new trial granted; which motion, after a full hearing, was overruled.

He thereupon filed exceptions to the instructions given to the jury, and the exceptions were certified by the Judge.

*Warren*, for the defendant.

*J. S. Abbott*, for the plaintiff.

SHEPLEY, C. J. — It is insisted, that this case is distinguishable from the case of *Cole* v. *Bruce*, 32 Maine, 512.

The record states, that the. motion to have the verdict set aside, and a new trial granted, was made; and that it was overruled after a full hearing, before any exceptions were presented.

Exceptions, authorized by the statute, c. 97, § 18, are not usually drawn and presented for allowance, until after all proceedings in the action for that term have been closed. When duly authenticated, they operate as if made and allowed at the time, when they were taken. This appears to have been understood by the legislative department, for the provision is, that the trial shall proceed until a verdict is rendered.

The Judge, not being informed that the defendant would insist upon his exceptions, might properly consider and decide

upon his motion. If a bill of exceptions was subsequently presented, stating the facts correctly, the Judge might properly allow it, leaving the appellate court to decide, whether it could entertain the case.

The Judge could not, however, legally entertain and act upon the motion, without considering the exceptions, which had been taken but not drawn, as waived or abandoned.

The defendant cannot now be permitted to allege, that the Court, at his request, acted illegally and without authority upon his motion, and that his exceptions having been presented and certified afterward will therefore lie.

*Case dismissed from the docket of this Court.*

- TENNEY, HOWARD and HATHAWAY, J. J., concurred.